# MAZZA *v.* RUSSELL.

EVIDENCE; MECHANIC'S LIENS; ASSIGNMENT FOR BENEFIT OF CREDITORS; APPEAL AND ERROR; CONTRACTS.

1. An assignment for the benefit of creditors is admissible in a suit by the assignee to enforce a mechanic's lien arising under a contract with his assignor, for the purpose of showing the right of the assignee to maintain the action, although the amount claimed in the suit is in excess of the amount stated in the assignment to be due from all the assignor's debtors. (Construing sec. 435, D. C. Code [31 Stat. at L. 1256, chap. 854].)

2. Assignments of error stating mere abstract propositions of law are not entitled to consideration, as an appellate court can only determine concrete cases. (Citing *Davis* v. *Harper*, 14 App. D. C. 463.)

3. An owner of real estate is liable for extra work done and materials furnished by a contractor in the course of the construction of a building on the land, under a contract whereby he agreed to construct the building for a given sum according to plans and specifications which he prepared, although the extra work and materials were not embraced in the contract, but were furnished because of the requirements of the building inspector, where the owner knew that the extra work and materials were being furnished, acquiesced therein, and accepted them on completion of the building.

No. 3031.   Submitted October 9, 1917.   Decided November 12, 1917.

HEARING on an appeal by the defendant from decrees of the Supreme Court of the District of Columbia granting the relief asked in a suit in equity to enforce a mechanic's lien.

*Affirmed.*

The facts are stated in the opinion.

Mr. *J. A. Toomey* and Mr. *V. L. Toomey* for the appellant.

Mr. *C. V. Imlay* and Mr. *G. W. Offut, Jr.,* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, Louise B. Mazza, defendant below, appeals from decrees awarding Percy H. Russell, assignee of Benjamin Blethyn, a mechanic's lien upon certain real estate on which Blethyn, as architect and contractor, had remodeled a building for defendant. It appears that Blethyn and Mazza entered into a written contract in which Blethyn agreed to perform the work and furnish the materials according to the plans and specifications which he, Blethyn, as architect, had prepared. A second contract involving extra work was also made, in which the items of extra work were particularly mentioned. No controversy arises as to the matters involved in the written contracts, the present suit being for extra labor and materials furnished by Blethyn in completing the work. When Blethyn presented his plans to the building department of the District of Columbia for approval he was informed that a permit would be refused unless provision for proper fire escapes was made. He was later given notice that the building would not be approved unless the walls were properly fireproofed. Blethyn had these notices before the second contract was made. It is for the cost of this extra work that a lien was decreed.

It is first contended that the notice of lien was filed too late, but the evidence clearly discloses that the building was not completed until well within the three-month period preceding the date of filing the notice. D. C. Code, sec. 1238 [31 Stat. at L. 1384, chap. 854].

Error is assigned in admitting in evidence a deed of assignment for the benefit of creditors from Blethyn to Russell, in which a total credit from all debtors is stated at $1,000, whereas the amount claimed by Russell in this action is in excess of that amount. This discrepancy neither affects the validity of the assignment nor its admissibility as evidence of the right of Russell to maintain this action. Section 435 of the Code [31 Stat. at L. 1256, chap. 854] provides as to voluntary assignments for the benefit of creditors that the "inventory shall not be conclusive as to the amount of the debtor's estate, and such assignment shall vest in the assignee the title to any other prop-

erty, except what is legally exempt, belonging to the debtor at the time of making the assignment and comprehended within the general terms of the same."

The remaining assignments of error are as follows:

"III. That a claim for extra work by a builder or contractor, consisting of certain work done at the behest of the building department, is without sufficient consideration to hold the owner (the party with whom he contracts), especially where the builder served and was paid to serve in the dual capacity of architect and builder.

"IV. That one who, after carefully inspecting certain real estate improvements, undertakes jointly as a builder and architect to remodel those improvements for apartment-house purposes, which purposes are governed by certain and definite building regulations with reference to fire escapes and fireproofing, is without a remedy when urging a claim for fire escapes and fireproofing ordered by the proper building authorities in order to procure the necessary permit and receive the ratification for said work from the building department as the work progresses, and finally to be able to adopt said improvements for the purposes intended by the plans and specifications.

"V. That one serving in the dual capacity of architect and builder is chargeable with notice of building and fire regulations in force in the District."

These assignments state mere abstract propositions of law, which would justify their summary dismissal without further consideration. This court, in *Davis* v. *Harper,* 14 App. D. C. 463, said: "This court has not been organized to pass upon abstract propositions of law. It does so only in the determination of concrete cases."

But, waiving this defect, we will dispose of the single question involved, whether or not defendant can be held to have impliedly agreed to pay for the extras furnished by Blethyn. An agreement to pay for extras furnished may be implied from the owner allowing the contractor to proceed with the work and accepting the benefits thereof. Also, the acceptance of work and the taking possession thereof by the owner is evidence of an agreement to pay. It is well settled that where a con-

tractor notifies an owner that extras are required, and is instructed to proceed to furnish the work, though there be no express promise to pay, still the owner will be liable. But here, we think the evidence not only clearly shows that defendant instructed Blethyn to proceed to do the work as cheaply as possible, but that she, by her statements, led him to believe that he would be paid. It is not denied that she knew the extras were being furnished; that she acquiesced therein; and that she accepted the work when it was completed. These are a sufficient consideration to support an implied agreement to pay.

The decrees are affirmed, with costs.                    *Affirmed.*